IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO.  **22-13361-AA; 22-13370-AA & 22-13507-AA**

United States of America,

Appellee,

- versus -

Angelo Martinez,
Eric Manuel Suero Terrero, and
Justo Matos Pena,

Appellants.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

<u>BRIEF FOR THE UNITED STATES</u>

Hayden P. O'Byrne
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(954) 660-5691

Daniel Matzkin
Chief, Appellate Division

Jonathan D. Colan
Senior Appellate Attorney

Bertha R. Mitrani
Assistant United States Attorney
Of Counsel

**United States v. Angelo Martinez, Eric Manuel Suero Terrero, &
Justo Matos Pena
Case Nos. 22-13361-AA, 22-13370-AA, 22-13507-AA
Certificate of Interested Persons**

In compliance with Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1 and 28-1, the undersigned certifies that the list below is a complete list of the persons and entities previously included in the government's CIP, as well as additional persons and entities (designated in bold face) who have an interest in the outcome of this case.

Becerra, Hon. Jacqueline

Caruso, Michael

Casabielle, Manuel Lazaro

Charest-Turken, Gabrielle Raemy

Colan, Jonathan D.

**Davis, Michael S.**

Ecarius, Daniel

Gonzalez, Juan Antonio

Hoffman, Andrea G.

Lapointe, Markenzy

Lomax, Adebunmi

Martinez, Angelo

Martinez, Hon. Jose E.

C-1 of 2

**United States v. Angelo Martinez, Eric Manuel Suero Terrero, &
Justo Matos Pena
Case Nos. 22-13361-AA, 22-13370-AA, 22-13507-AA
Certificate of Interested Persons (Continued)**

Matzkin, Daniel

Miranda, Annika Marie

**Mitrani, Bertha R.**

**O'Byrne, Hayden P.**

Pena, Justo Matos

Perez, Robert Michael

Rubio, Lisa Tobin

Silverstein, Joan

Terrero, Eric Manuel Suero

Torres, Hon. Edwin G.

Vigilance, Michele S.

/s/ Bertha R. Mitrani
Bertha R. Mitrani
Assistant United States Attorney

**Statement Regarding Oral Argument**

The United States of America respectfully suggests that the briefs and record before this Court adequately present the facts and legal arguments, and that oral argument would not significantly aid the decisional process.

i

# Table of Contents

**Page:**

Certificate of Interested Persons ................................................................... c-1

Statement Regarding Oral Argument ...................................................................i

Table of Contents ...................................................................................ii

Table of Citations ..................................................................................iv

Statement of Jurisdiction ........................................................................viii

Statement of the Issues.............................................................................. 1

Statement of the Case:

      1.     Course of Proceedings and Disposition in the Court Below ............ 1

      2.     Statement of the Facts ........................................................... 4

      3.     Standards of Review ........................................................... 4

Summary of the Argument ........................................................................ 5

# Table of Contents

# (Continued)

**Page:**

Argument and Citations of Authority:

I.  Congress's Felonies Committed on the High Seas Clause power extends within foreign nations' exclusive economic zones ....................................... 6

II.  International law does not limit Congress's power to assert jurisdiction over high seas drug trafficking on vessels whose claimed nation of registry does not confirm the claim. .......................................................................... 7

III.  Congress's Constitutional authority over stateless vessels on the high seas does not require a nexus with the United States ........................................... 9

IV.  The district court did not clearly err in determining that Terrero played more than a minor role as a mariner transporting more than 300 kilograms of cocaine ................................................................................................... 12

Conclusion ................................................................................................... 19

Certificate of Compliance .................................................................................. 20

Certificate of Service ....................................................................................... 20

**Table of Citations**

**Cases:**                                                                                                              **Page:**

*Fuld v. Palestine Liberation Org.,*

   No. 24-151, 2025 WL 1716140 (U.S. June 20, 2025)..........................................12

*INS v. Chadha,*

   462 U.S. 919 (1983) ...........................................................................................12

*United States v. Alaska,*

   503 U.S. 569 (1992) .............................................................................................8

*United States v. Alfonso, et al.,*

   104 F.4th 815 (11th Cir. 2024) ................................................... 5, 6, 7, 9

*United States v. Arias,*

   No. 22-11243, 2024 WL 4212816 (11th Cir. Sept. 17, 2024)..............................18

*United States v. Bradley,*

   644 F.3d 1213 (11th Cir. 2011)...........................................................................11

*United States v. Cabezas-Montano,*

   949 F.3d 567 (11th Cir. 2020)........................................................................9, 18

*United States v. Campbell,*

   743 F.3d 802 (11th Cir. 2014)..............................................................................9

*United States v. Canario-Vilomar et al.,*

   128 F.4th 1374 (11th Cir. 2025) ......................................................................7, 10

**Table of Citations**

**(Continued)**

**Cases:**                                                                                                     **Page:**

*United States v. Cruickshank,*

   837 F.3d 1182 (11th Cir. 2016)................................................................... 13, 14

*United States v. Genaro Sanchez,*

   No. 23-10405, 2025 WL 1220202 (11th Cir. April 28, 2025)..............................7

*United States v. Herrera-Barroz,*

   No. 24-10149, 2025 WL 1219767 (11th Cir. April 28, 2025)..............................7

*United States v. Hurtado,*

   89 F.4th 881 (11th Cir. 2023) ..............................................................................9

*United States v. Ibarguen-Mosquera,*

   634 F.3d 1370 (11th Cir. 2011)...........................................................................10

*United States v. Marin,*

   90 F.4th 1235 (9th Cir. 2024) ..............................................................................8

*United States v. Nunez,*

   1 F.4th 976 (11th Cir. 2021) ................................................................................8

*United States v. Quijada-Moreno,*

   No. 21-13788, 2023 WL 239979 (11th Cir. 2023) .............................................14

## Table of Citations

## (Continued)

**Cases:**                                                                                    **Page:**

*United States v. Rodriguez De Varon*,

   175 F.3d 930 (11th Cir. 1999)...................................................... 5, 12, 13, 14, 17, 18

*United States v. Valois*,

   915 F.3d 717 (11th Cir. 2019)..............................................................................14


**Statutes & Other Authorities:**                                                             **Page:**

18 U.S.C. § 3231 ............................................................................................ viii

18 U.S.C. § 3742 ............................................................................................ viii

28 U.S.C. § 1291 ............................................................................................ viii

46 § U.S.C. 70501 ...........................................................................................11

46 U.S.C. § 70502 ..................................................................................... 2, 6, 7, 8

46 U.S.C. § 70503 .........................................................................................2, 6

46 U.S.C. § 70506 .........................................................................................2, 6

Fed. R. App. P. 4 ........................................................................................... viii

Fed. R. App. P. 26.1 .................................................................................. c 1 of 2

Fed. R. App. P. 32 ..........................................................................................20

Fed. R. Crim. P. 5.............................................................................................2

**Table of Citations**
**(Continued)**

**United States Sentencing Guidelines:**                                    **Page:**

§ 2D1.1 ..................................................................................................15

§ 3B1.2 ......................................................................................... 13, 15

§ 3E1.1 ..................................................................................................15

§ 4C1.2 ..................................................................................................15

## Statement of Jurisdiction

This is an appeal from final judgments of the United States District Court for the Southern District of Florida against co-defendants in a criminal case. The district court entered judgment against Angelo Martinez, Justo Matos Pena, and Eric Manuel Suero Terrero on September 22, 2022 (DE 73, 74, 75). The district court had jurisdiction to enter the judgments pursuant to 18 U.S.C. § 3231. Angelo Martinez filed a timely notice of appeal on October 4, 2022 (DE 76); Eric Manuel Suero Terrero filed a timely notice of appeal on October 5, 2022 (DE 77); and Justo Matos Pena filed a timely notice of appeal on October 6, 2022 (DE 78). *See* Fed. R. App. P. 4(b). This Court has jurisdiction over their appeals pursuant to 28 U.S.C. § 1291 and authority to examine Eric Manuel Suero Terrero's challenge to his sentence pursuant to 18 U.S.C. § 3742(a).

**Statement of the Issues**

**I.**    Whether vessels within a foreign nation's exclusive economic zone are on the high seas and thus subject to Congress's powers under the Felonies Committed on the High Seas Clause.

**II.**    Whether deeming the co-defendants' vessel to be stateless violated any international law limit on Congress's powers under the Felonies Committed on the High Seas Clause to define vessels subject to the jurisdiction of the United States.

**III.**    Whether it exceeds Congress's Constitutional powers to prosecute defendants for high seas drug trafficking without having to show a United States nexus with their conduct.

**IV**.    Whether the district court clearly erred in determining that Eric Manuel Suero Terrero played more than a minor role in the transportation of more than three hundred kilograms of cocaine.

**Statement of the Case**

1.    **Course of Proceedings and Disposition in the Court Below**

Appellants Angelo Martinez, Justo Matos Pena, and Eric Manuel Suero Terrero were indicted in the Southern District of Florida and charged under the Maritime Drug Law Enforcement Act (MDLEA) with conspiracy (Count 1) and substantive (Count 2) possession with intent to distribute five kilograms or more of

1

cocaine, on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (DE 9).

The co-defendants jointly moved to dismiss their indictment, arguing: (1) that their vessel was in an area of the seas recognized as the Dominican Republic's exclusive economic zone (EEZ), and therefore outside Congress's power to define and punish felonies committed on the high seas, U.S. Const. art. I, § 8, cl. 10; (2) that 46 U.S.C. § 70502(d)(1)(C)'s provision defining vessels as without nationality when the claimed nation of registry fails to corroborate that claim violated international law and thus, arguably, likewise exceeded Congress's powers under the Felonies Committed on the High Seas Clause; and (3) that the delay between their interdiction at sea and the filing of criminal charges and their subsequent delivery to a United States court violated Federal Rule of Criminal Procedure 5 and constituted outrageous government conduct (DE 17). The government opposed the motion (DE 23), the codefendants replied (DE 24), and, as ordered by the district court, the government filed a supplemental response further addressing the unreasonable delay argument (DE 27).

The district court denied the motion to dismiss finding: (1) that EEZs are within Congress's high seas powers; (2) that Congress did not exceed its powers by deeming vessels with uncorroborated nationality claims to be without nationality;

2

and (3) that the 13-day period between the co-defendants' interdiction at sea and presentment in the United States was not unreasonable (DE 28).

Pursuant to plea agreements and written factual proffers, Angelo Martínez and Eric Manuel Suero Terrero pled guilty to Count 1, the MDLEA conspiracy charge (DE 37-42). Justo Matos Pena executed a factual proffer but not a plea agreement and pled guilty to both counts of the Indictment, the MDLEA conspiracy charge and the substantive possession with the intent to distribute charge (DE 43-44).

During sentencing proceedings, the district court denied each of the co-defendants' requests for role reductions in their Sentencing Guideline offense levels but granted Terrero and Matos Pena downward variances. Martinez's and Terrero's guideline ranges were 108-135 months of imprisonment (DE 88:10; PSR ¶ 57); Pena's guideline range was 168-210 months of imprisonment because of a prior MDLEA conviction (DE 88:10). The court sentenced Martinez (the master of the vessel) to 108 months of imprisonment and two years of supervised release (DE 88:17); Terrero to 96 months of imprisonment and two years of supervised release (DE 92:13); and Matos Pena to 144 months of imprisonment as to each count to be served concurrently and five years of supervised release (DE 88:20).

They each filed timely notices of appeal (DE 76-78) and remain incarcerated.

**2.      Statement of the Facts**

Martinez, Terrero, and Matos Pena stipulated to the following facts (DE 39, 42, 44):

After a United States Customs and Border Protection Marine Patrol Aircraft detected a go-fast vessel (GFV) approximately 158 nautical miles southeast of Isla Beata, Dominican Republic, the United States Coast Guard Cutter NORTHLAND and the USS MILWAUKEE diverted to investigate (DE 39:1, DE 42:1, DE 44:1). The MILWAUKEE launched a helicopter and the helicopter's crew observed individuals on the GFV jettisoning packages. After the Coast Guard gained control of the GVF, it boarded the vessel and identified its three crew members as Angelo Martinez, Eric Manuel Suero Terrero, and Justo Elias Matos Pena (DE 39:2, DE 42:2, DE 44:2). Martinez, the master of the GFV, claimed Colombian nationality for the GFV. When contacted, however, the government of Colombia could neither confirm nor deny registration of the vessel. As a result, the Coast Guard treated the vessel as without nationality and therefore subject to the jurisdiction of the United States (*id.*).

The Coast Guard recovered approximately 375 kilograms of cocaine (*id.*).

**3.      Standards of Review**

The denial of a motion to dismiss an indictment on Constitutional grounds is reviewed *de novo*, but unpreserved claims are reviewed only for plain error. *United*

*States v. Alfonso et al.*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, --S. Ct.--, 2025 WL 1426696 (May 19, 2025).

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

### Summary of the Argument

Appellants' Constitutional challenges to their prosecution fail (1) because foreign nations' exclusive economic zones are part of the high seas and within Congress's enumerated power under the Felonies Committed on the High Seas Clause, and (2) because that power includes the right to define vessels on the high seas subject to United States jurisdiction. Martinez's and Justo Matos's unpreserved challenges to the MDLEA's lack of a nexus requirement fail under plain error review and are likewise precluded by binding authority, as they acknowledge.

Finally, Terrero's challenge to the lack of a minor-role reduction to his Sentencing Guideline offense level calculation fails because none of the crew members played only a minor role in the drug trafficking voyage for which they were held responsible. As a mariner, Terrero played an important and essential role in transporting a huge load of cocaine.

**Argument**

The Maritime Drug Law Enforcement Act makes it a crime to "possess with intent to … distribute, a controlled substance," "[w]hile on board a covered vessel," or to conspire to do so. 46 U.S.C. §§ 70503(a) and 70506(b). A "covered vessel" includes "a vessel subject to the jurisdiction of the United States," which in turn includes a "vessel without nationality." 46 U.S.C. § 70502(c)(1)(A) & § 70503(e)(1). A "vessel without nationality" includes "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. § 70502(d)(1)(C).

Congress's authority to enact the MDLEA derives at least from its power "[t]o define and punish … Felonies committed on the high Seas." U.S. Const. art. I, § 8, cl. 10.

## I.  Congress's Felonies Committed on the High Seas Clause power extends within foreign nations' exclusive economic zones.

A foreign nation's EEZ "is part of the 'high seas' and thus within Congress's authority under the Felonies Clause." *United States v. Alfonso et al.*, 104 F.4th 815, 818 (11th Cir. 2024), *cert. denied*, --S. Ct.--, 2025 WL 1426696 (May 19, 2025). "Because the 'high seas' includes EEZs, enforcement of the MDLEA in EEZs is proper," and a district court "properly denie[s]" a motion to dismiss an MDLEA indictment on these grounds. *Id.* at 827.

6

Appellants' arguments challenging the constitutionality of asserting jurisdiction over their vessel because it was within the Dominican Republic's EEZ are thus foreclosed by binding precedent. *See United States v. Canario-Vilomar et al.*, 128 F.4th 1374, 1381-82 (11th Cir.) (citing *Alfonso* amongst the "ample binding precedent foreclosing" this argument), *reh'g denied*, No. 22-12077 (11th Cir. April 28, 2025); *United States v. Genaro Sanchez*, No. 23-10405, 2025 WL 1220202 (11th Cir. April 28, 2025) (granting summary affirmance on this issue); *United States v. Herrera-Barroz*, No. 24-10149, 2025 WL 1219767 (11th Cir. April 28, 2025) (same).

## II.    International law does not limit Congress's power to assert jurisdiction over high seas drug trafficking on vessels whose claimed nation of registry does not confirm the claim.

As with their EEZ argument, binding precedent now refutes the Appellants' argument that § 70502(d)(1)(C)'s definition of a stateless vessel (subject to the jurisdiction of the United States) violates an international law limit on Congress's Felonies Committed on the High Seas Clause powers. *See Canario-Vilomar*, 128 F.4th at 1381.

This Court "held in *Alfonso* that 'the Felonies Clause is not limited by customary international law.'" *Id.* (quoting *Alfonso*, 104 F.4th at 826). "It follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA." *Id.*

7

Even if this Court or the Supreme Court were ever to decide that Congress's Felonies Committed on the High Seas Clause powers were limited by international law, this Court recognizes that—other than deeming a vessel stateless "if it attempts to claim association with more than one nation for its own convenience"— "[c]ustomary international law does not otherwise define the conditions under which a nation may conclude that a vessel is stateless." *United States v. Nunez*, 1 F.4th 976, 987 (11th Cir. 2021), *cert. denied sub nom. Cedado Nunez v. United States*, 142 S. Ct. 2675 (2022). Section 70502(d)(1)(C)'s defining as stateless vessels whose registry claims are not corroborated thus violates no provision of international law. *See United States v. Marin*, 90 F.4th 1235, 1237 (9th Cir. 2024) (finding no provision of international law violated by § 70502(d)(1)(C)).

Vessels only "have the nationality of the State whose flag they are *entitled* to fly." United Nations Convention on the Law of the Seas (UNCLOS), art. 91 (emphasis added).[1] "There must exist a genuine link between the State and the ship." *Id.* Mere claims cannot create such a link. That is why international law authorizes boarding states "to verify the ship's right to fly its flag." UNCLOS, art. 110. Otherwise, the claimed nation's failure to corroborate a claim "would allow [a crew]

---

[1] Although the United States is not a party to UNCLOS, it accepts that its relevant provisions reflect customary international law. *United States v. Alaska*, 503 U.S. 569, 588 n.10 (1992).

to become sovereign on their own accord; being subject to no territorial jurisdiction and no flag state jurisdiction." *United States v. Hurtado*, 89 F.4th 881, 893 (11th Cir. 2023).

Binding precedent thus supports the district court's denial of dismissal on this ground, too.

### III.  Congress's Constitutional authority over stateless vessels on the high seas does not require a nexus with the United States.

For the first time on appeal, Martinez and Matos Pena argue that prosecuting them for crimes which have no nexus to the United States violates due process (Martinez Br. at 41).[2] Not only is there no controlling law as would be required to support the Appellants' new argument on appeal,[3] but this Court has repeatedly rejected the argument "that Congress exceeded its authority under the Felonies Clause because [an MDLEA defendant's] conduct lacked any nexus to the United States." *Alfonso*, 104 F.4th at 826 (citing *United States v. Campbell*, 743 F.3d 802, 809-10 (11th Cir. 2014)). "[T]he MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir.

---

[2] This Court granted Matos Pena leave to adopt Martinez's initial brief in lieu of filing a separate one.

[3] "When neither the Supreme Court nor this Court has resolved an issue, there can be no plain error," as required to support an unpreserved Constitutional challenge to a statute. *Alfonso*, 104 F.4th at 829.

9

2020). *Canario-Vilomar* has once again found challenges to the lack of a nexus requirement to be "squarely foreclosed by our binding precedent." *Canario-Vilomar*, 128 F.4th at 1383. Appellants acknowledge that this Court has rejected this argument (Martinez Br. at 41-42).

Amongst the reasons this is so is that stateless vessels are "international pariah[s]" subject to any nation's jurisdiction. *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1379 (11th Cir. 2011).

Even so, Martinez and Matos Pena are wrong that drug trafficking on the high seas has no nexus with the United States. Ninety-seven percent of the cocaine "from multi-kilogram seizures made throughout the United States … originated from Colombia, with Peru and Bolivia as the origin for the remaining three percent." DEA, National Drug Threat Assessment 2024, at 38.[4] "South American cocaine must arrive in Mexico before the cartels can traffic it across the border into the United States." *Id.* at 8. The primary routes of travel north are by sea (as shown in the following chart):

---

[4] https://www.dea.gov/sites/default/files/2024-07/2024%20NDTA-updated%207.5.2024.pdf.

**Figure 26. Cocaine Movement to Mexico, Central America, and the Caribbean, Calendar Year 2019**



Source: U.S. Government database of known and suspected drug seizure and movement events. Date accessed: June 9, 2020. Information cutoff date: December 31, 2019.

DEA, National Drug Threat Assessment 2020, at 35.[5] This Court is permitted to take judicial notice of these facts as both "generally known" and "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See United States v. Bradley*, 644 F.3d 1213, 1252 (11th Cir. 2011) (citing Fed. R. Ev. 201(b)).

Congress has found that "trafficking in controlled substances aboard vessels is a serious international problem, is universally condemned, and *presents a specific threat to the security and societal well-being of the United States*." 46 U.S.C. § 70501 (emphasis added). Section 70501's findings received bicameral approval in

---

[5] https://www.dea.gov/sites/default/files/2021-02/DIR-008-21%202020%20National%20Drug%20Threat%20Assessment_WEB.pdf.

11

Congress and the President's signature, the gold standard in our Constitutional system. *See INS v. Chadha*, 462 U.S. 919, 951 (1983). As the Supreme Court has now reiterated, deference is owed to "the political branches' balanced judgment of competing concerns over sensitive and weighty interests of national security and foreign affairs." *Fuld v. Palestine Liberation Org.*, No. 24-151, 2025 WL 1716140, at *10 (U.S. June 20, 2025) (rejecting a due process challenge to a statute deeming two foreign entities subject to personal jurisdiction in the United States).

Accordingly, their argument would fail even if this Court or the Supreme Court were ever to require a United States nexus.

**IV.    The district court did not clearly err in determining that Terrero played more than a minor role as a mariner transporting more than 300 kilograms of cocaine.**

The district court did not clearly err in determining Terrero's role for sentencing purposes. *See Rodriguez de Varon*, 175 F.3d at 934 (The "district court's determination of whether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that will be reviewed only for clear error."). He failed to meet his burden to establish that his role in the conduct for which he was accountable, or his role compared to his fellow participants was minor and worthy of an offense-level reduction. *See Rodriguez de Varon*, 175 F.3d at 939 ("The proponent of the downward adjustment—here the defendant—always bears the

12

burden of proving a mitigating role in the offense by a preponderance of the evidence.").

"Clear error review is deferential." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). "The district court's 'choice between two permissible views of the evidence' as to the defendant's role in the offense will rarely constitute clear error '[s]o long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law.'" *Id.* (quoting *Rodriguez de Varon*, 175 F.3d at 945). The record supports the district court's decision.

The Sentencing Guidelines provide for a two-level role reduction where a defendant can establish, by a preponderance of the evidence, that he "was a minor participant in any criminal activity." USSG § 3B1.2(b). A defendant is a minor participant if he was "substantially less culpable than the average participant in the criminal activity." *See* USSG § 3B1.2 cmt. n.3(A). Whether to apply a role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." USSG § 3B1.2 cmt. n.3(C).

In this fact-based evaluation, two criteria guide the district court's decision whether a mitigating-role reduction is appropriate: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's

13

conduct to that of other discernable participants involved in the offense. *United States v. Rodriguez De Varon*, 175 F.3d at 945. The commentary to §3B1.2 provides a non-exhaustive list of factors similar to those in *De Varon*, including a defendant's: (1) understanding of the scope of the crime; (2) participation in the planning or organization of the crime; (3) degree of decision-making authority; (4) participation (acts, responsibility, discretion) in committing the crime; and (5) degree he stood to benefit from the crime. *See* USSG §3B1.2 cmt. n.3(C).[6]

Under this commentary as well as *De Varon*, a defendant such as Terrero whose participation in the offense consists of transporting drugs is *eligible* for consideration of minor-role reduction. But eligibility alone is insufficient to merit a role reduction. *See United States v. Quijada-Moreno*, No. 21-13788, 2023 WL 239979, at *4 (11th Cir. Jan. 18, 2023) (quoting *De Varon*, 175 F.3d at 942) ("[C]ourier status in and of itself is not dispositive of whether a defendant is entitled to or precluded from receiving a downward adjustment for role in the offense."). And where, as here, "[t]he record shows that all three defendants knowingly participated in the illegal transportation of a large quantity of cocaine, they were important to that scheme, and they were held responsible only for that conduct," though "these facts do not render the defendants ineligible, they support the court's

---

[6] *See Cruickshank*, 837 F.3d at 1194 (recognizing that the non-exhaustive list of factors includes many of the same factors delineated in *De Varon*).

denial of the role reduction." *United States v. Valois*, 915 F.3d 717, 732 (11th Cir. 2019).

The Probation Office recommended that Terrero and his codefendant Martinez receive the same guideline total offense level of 31, resulting from the same amount of cocaine (375 kilograms), the same two-level decrease under USSG § 2D1.1(b)(18) for satisfying the safety-valve criteria of USSG § 4C1.2, and the same three-point total acceptance of responsibility decrease under USSG §§ 3E1.1(a) and (b) (Terrero Presentence Investigation Report ¶¶ 19-20, 26-28; Martinez Presentence Investigation Report ¶¶ 19-20, 26-28). Terrero and Martinez had the same advisory guideline imprisonment range of 108 to 135 months (Terrero Presentence Investigation Report ¶ 57; Martinez Presentence Investigation Report ¶ 63).[7]

Terrero preserved his objection to the lack of a minor-role reduction in his guideline offense level calculation (DE 62; DE 92:5-11), an issue that he alone raises in his appeal. Terrero argued that the five non-exclusive factors outlined in USSG

---

[7] Because of his prior MDLEA conviction, Matos Pena was in a different posture from his codefendants regarding his sentencing guidelines. Like his codefendants, his guidelines were calculated on the basis of 375 kilograms of cocaine and a three-point total acceptance of responsibility decrease but no safety-valve adjustment resulting in a total offense level of 33 (Justo Matos Pena Presentence Investigation Report ¶¶ 16, 23-25). His total offense level combined with a Criminal History Category of III resulted in an advisory guideline imprisonment range of 168 to 210 months (*id.*, ¶ 56).

§ 3B1.2, cmt. n.3(C) "mandated a minor role adjustment" because: (1) he did not understand the scope and structure of the criminal activity; (2) he did not participate in planning or organizing the activity; (3) he did not exercise or influence the exercise of decision making authority; (4) as a deckhand, he did not exercise any discretion in performing his duties; and (5) he was supposed to be paid only $946, although he never received any compensation (DE 62:2-3). He argued that, as the deckhand, he was the least culpable of all coconspirators (DE 62:5).

At his sentencing hearing, Terrero continued to press for a minor-role reduction. He offered as additional grounds, and as confirmed by the government, that he immediately cooperated with the government, identifying at least four other participants who he maintained were more culpable (DE 92:4-8). He renewed his argument that he was merely a crew member on a boat carrying cocaine (DE 92:8). The government opposed a minor-role reduction. While acknowledging that Terrero provided information, the government asserted that it was not of great value (DE 92:9-10). Also acknowledging that there were other participants who may have had a greater overall role before Terrero "got into a boat with the drugs in it," the government maintained that Terrero was not a minor participant for the conduct for which he was charged—transporting the cocaine on the high seas (*id.*). The conspiracy "could not have been effectuated but for [Terrero's] involvement in the criminal activity" (DE 92:10). The government maintained that Terrero was no

16

different than his codefendant Martinez who was not awarded a minor-role reduction at his sentencing and received a low-end sentence of 108 months of imprisonment (*id.*).

Having reviewed Terrero's Presentence Investigation Report, his sentencing memorandum (DE 92:3), and hearing the argument of counsel, the district court found that Terrero had not "really shown [the court] that he's entitled to a minor role. He is charged with a specific set of facts and specific involvement in a specific conspiracy, and in that conspiracy, he is not a minor participant" (DE 92:11). The court found that Terrero had not presented any facts that indicated that he should get a lower sentence because of his role in the case (*id.*). Accordingly, it denied a minor-role reduction (*id.*). However, the court granted his request for a downward variance, sentencing him to 96 months, 12 months below the bottom of the guideline range, albeit more than the 60 months that he had requested (DE 92:9).

The district court properly applied the *Rodriguez De Varon* factors by considering Terrero's role with respect to the 375 kilograms for which he was being held responsible and his role compared with the other people involved with his particular boat shipment. *See Rodriguez De Varon*, 175 F.3d at 939. It denied all co-defendants' role-reduction requests. In that regard, Terrero's claim that the district court erred by not "applying the totality of the circumstances" and considering other participants who were "clearly organizers, leaders, managers or supervisors"

17

(Terrero Br. at 29-30) is mistaken. The district court stated that it was not sentencing him on the basis of a larger conspiracy, where there may have been others who were more culpable, but on the specific conspiracy involving his transportation of 375 kilograms of cocaine. Indeed, the "full extent of the conspiracy" (Terrero Br. at 30) would involve a much larger quantity of cocaine and other less culpable participants who performed limited unskilled tasks such as watering the fields. As the court articulated, within the limited charged conspiracy to transport the specific amount of cocaine, Terrero did not play only a minor role.

As in other MDLEA cases where this Court has affirmed the denial of mitigating-role reductions, all the crew members "knowingly participated in the illegal transportation of a large quantity of … cocaine, … their transportation roles were important to that scheme, and … they were held accountable for that conduct only." *Cabezas-Montano*, 949 F.3d at 607. *See United States v. Arias*, No. 22-11243, 2024 WL 4212816, at *2 (11th Cir. Sept. 17, 2024) (affirming denial of mitigating-role reduction where the MDLEA defendant "chose to take the job and was essential to the plan" by transporting the drugs).

"The mere existence of bigger fish does not mandate a role reduction for a defendant, as 'it is possible that none [of the participants] are minor or minimal participants.'" *Arias*, No. 22-11243, 2024 WL 4212816, at *2 (quoting *Rodriguez de Varon*, 175 F.3d at 944-45).

18

**Conclusion**

For the foregoing reasons, the Appellants' conviction and Eric Manuel Suero Terrero's sentence should be affirmed.

Respectfully submitted,

Hayden P. O'Byrne
United States Attorney

By:  /s/ *Bertha R. Mitrani*
Bertha R. Mitrani
Assistant United States Attorney
500 East Broward Blvd., Ste 700
Fort Lauderdale, FL 33301
(954) 660-5691
Bertha.Mitrani@usdoj.gov

Daniel Matzkin
Chief, Appellate Division

Jonathan D. Colan
Senior Appellate Attorney

Of Counsel

19

## Certificate of Compliance

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016, 14-point Times New Roman font.

## Certificate of Service

I HEREBY CERTIFY that the foregoing Brief for the United States was filed using CM/ECF on this 5th day of August, 2025, and that, on the same day, the foregoing brief was served via CM/ECF on all counsel of record.

/s/ *Bertha R. Mitrani*
Bertha R. Mitrani
Assistant United States Attorney

*jp*